829 F.2d 1119
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carlton L. BYRD, Transferree of the Assets of Eastern Shore
Nursery, Inc.; Robert H. Willey, Jr., Transferee
of the Assets of Eastern Shore Nursery,
Inc., Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent--Appellee.
 No. 87-1027.
 United States Court of Appeals, Fourth Circuit.
 Argued June 29, 1987.
Decided Sept. 14, 1987.
 
 Douglas E. Kahle (Robert M. Pfeifer; Clark & Stant, P.C., on brief), for appellants.
 John A. Dudeck, Jr., Tax Division, Department of Justice (Michael C. Durney, Acting Assistant Attorney General; Michael L. Paup; Gary R. Allen, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case involves the proper application of the tax benefit rule. Petitioners, the joint shareholders of a nursery, sold their stock to a partnership that immediately liquidated the company and distributed the assets, including the plant inventory. The nursery, however, had already deducted the cost of the plants as an ordinary and necessary business deduction. Applying the tax benefit rule, the Commissioner required the nursery to include as income the amount of the deduction that the company had taken for the cost of the plants. The Tax Court upheld the deficiency, holding that the liquidation was "fundamentally inconsistent" with the underlying rationale for allowing the deduction. Because the Tax Court properly applied the tax benefit rule, we affirm.
 
 I.
 
 2
 The petitioners in this case, Carlton Byrd and Robert Willey, were joint shareholders of Eastern Shore Nursery, located in Kerr, Virginia. In March 1980, Byrd and Willey sold their stock to Eastern Shore Nursery of Virginia, a general partnership totally unrelated to the petitioner's company. After the sale of stock, the partnership liquidated the nursery and distributed the assets, including the nursery's plants which had a fair market value of $450,517. The petitioner's nursery had purchased the plants for $244,880 and deducted the cost as an ordinary and. necessary business expense under 26 U.S.C. Sec. 162.
 
 
 3
 Although the plants had increased in value, Eastern Shore Nursery did not recognize any gain on the transaction because, under the former Sec. 336, a corporation normally did not have to pay any tax on appreciated property distributed in a liquidation. 26 U.S.C. 336 (1982) (repealed 1986). The Commissioner, however, applied the tax benefit rule and found that Eastern Shore Nursery should have included the $244,880 deduction as income when it distributed the plants to the general partnership. The Commissioner assessed the deficiency against Byrd and Willey as the transferees of Eastern Shore Nursery assets under Sec. 6901. The Tax Court upheld the deficiency and the petitioners appeal.
 
 II.
 
 4
 The Supreme Court recently addressed the tax benefit rule in United States v. Bliss Dairy, 460 U.S. 370 (1983). In that case, a dairy farm deducted some cattle feed as a business expense under Sec. 162. As the Court noted, a business is allowed to deduct its ordinary and necessary expenses on the assumption that the asset will be consumed in the trade or business and will eventually produce taxable income to offset the deduction. 460 U.S. at 395. Two days into thc next tax year, however, the company distributed the feed to the shareholders in a liquidation.
 
 
 5
 The petitioner in Bliss Dairy argued that it did not have to recognize any income on the transaction under the former version of Sec. 336, which provided that a corporation usually did not have to pay any tax on appreciated property distributed in a liquidation. The Court, however, noted that because the dairy farm had liquidated the feed, there was no chance that it would produce any income to offset the deduction. Thus, the Court determined that the liquidation to the shareholders was "fundamentally inconsistent" with the rationale for allowing the deduction. 460 U.S. at 383. Rather than allowing the dairy farm to reap a tax benefit from the deduction, the Court held that the company had to include the amount of the deduction in its taxable income.
 
 
 6
 This case is strikingly similar to Bliss Dairy. The nursery deducted the cost of the plants, but then liquidated its inventory to the general partnership that purchased the petitioners' stock, thereby ensuring that there would be no income to offset the deduction. Moreover, the general partnership has stepped-up its basis in the plants to their fair market value by allocating a sufficient portion of the purchase price to the plants. Thus, when the partnership sells the plants, it will realize no taxable income. Because this liquidation is "fundamentally inconsistent" with the rationale for allowing a deduction, Bliss Dairy would apparently require the nursery to include the amount of the deduction as income.
 
 
 7
 Although the petitioners concede that Bliss Dairy applies, they argue that the liquidation was not fundamentally inconsistent with the purpose of allowing a deduction for their plants. The petitioners argue that they took the deduction under Sec. 352, which provides that farmers, florists, and nurserymen who use the accrual method of accounting do not have to inventory their growing crops. The obvious purpose behind this section is to allow a nursery to use the more favorable accrual accounting method, while releasing it from the burden of counting the number of plants in its greenhouse. According to the petitioners, this purpose of Sec. 352 was satisfied when the nursery took the deduction without inventorying their stock; they conclude that the tax benefit rule does not apply because the liquidation was not inconsistent with Sec. 352.
 
 
 8
 The petitioners, however, rely on the wrong section. Section 352 deals only with the timing of the deduction; Section 162 is the provision that actually allowed the nursery to deduct the cost of the plants. Despite the peripheral importance of Sec. 352, this case presents a simple variation on the transaction in Bliss Dairy; the only difference is that this case involves plants and Bliss Dairy involved cattle feed. As Bliss Dairy noted, when a taxpayer liquidates a previously expensed asset, the liquidation is fundamentally inconsistent with the underlying rationale for the deduction. 460 U.S at 397-403. Under the tax benefit rule, the nursery must therefore include the amount of the deduction as income. Because the petitioners were the transferees of Eastern Shore Nursery's assets, they are liable for the deficiency. The decision of the Tax Court is
 
 
 9
 AFFIRMED.